(109 So. 181)

**CRAWFORD v. STATE. (7 Div. 147.)**

(Court of Appeals of Alabama. May 25, 1926. Rehearing Granted June 15, 1926.)

**1. Intoxicating liquors ☞238(2).**

General charge *held* properly refused, where there was evidence tending to connect accused with possession of whisky still at time and place charged.

**2. Intoxicating liquors ☞239(1).**

In prosecution for possessing still, refusal of charge that possession contemplates ownership *held* not error.

**3. Criminal law ☞784(8).**

Instruction that, if state had to depend upon direct proof in every criminal case, very few violators would be convicted, *held* not error.

**4. Criminal law ☞756, 763, 764(1).**

Where there is no dispute as to what evidence is, trial judge may state it to jury, but may not charge upon its effect unless requested to do so in writing under Code 1923, § 9507.

On Rehearing.

**5. Criminal law ☞763, 764(6), 1172(2)—Instruction that it was not denied accused was present at still held error, where there was no such evidence, and error required reversal.**

In prosecution for possessing still, where a witness testified that accused and himself had not been closer than 100 yards thereto, instruction that there were some circumstances in case which were not denied, and no conflict in evidence, and that it was not denied accused was present at still *held* reversible error.

Appeal from Circuit Court, Shelby County; E. S. Lyman, Judge.

Ernest Crawford was convicted of possessing a still, and he appeals. Reversed and remanded on rehearing.

Charge G, refused to defendant, is as follows:

"The court charges the jury that, before you can convict the defendant under count 2 of the indictment, the state must prove to you beyond all reasonable doubt and to a moral certainty, that this defendant was in possession of the still testified about by the state's witnesses, and I further charge you that possession of a still contemplates ownership, interest in control over the apparatus, and, unless you are convinced be-yond all reasonable doubt that this defendant was the owner, had an interest in or had the control of the still in question in this case, you should find the defendant not guilty under count 2 of the indictment."

Leeper, Wallace & Saxon, of Columbiana, for appellant.

Charge G was erroneously refused. Stanley v. State, 20 Ala. App. 387, 102 So. 245; Moody v. State, 20 Ala. App. 572, 104 So. 142; Murphy v. State, 20 Ala. App. 624, 104 So. 686. It was error for the court to charge that it was not denied that defendant was present at the still. Code 1923, § 9507; Boddie v. State, 52 Ala. 395; Green v. State, 97 Ala. 65, 12 So. 416, 15 So. 242; Singer Mfg. Co. v. Greenleaf, 100 Ala. 275, 14 So. 109.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The oral charge of the court was correct. Holladay v. State, 20 Ala. App. 76, 101 So. 86. Charge G was properly refused.

SAMFORD, J. [1] There was evidence tending to connect the defendant with the possession of a whisky still at the time and place charged, and hence the general charge as requested by defendant was properly refused.

[2] Refused charge G does not state the law correctly. A person may be in possession of personal property without ownership. The charge is obviously bad.

[3] The court did not err in instructing the jury that:

"If the state had to depend upon direct proof in every criminal case, it would be able to convict but very few people perhaps for violating the law."

The foregoing is a truism.

[4] Where there is no dispute as to what the evidence is, the trial judge may state it to the jury, but may not charge upon its effect unless requested to do so in writing. Code 1923, § 9507.

The several excerpts from the argument of the solicitor to which exceptions were reserved were within the bounds of legitimate argument.

The other exceptions reserved are not insisted upon, and are without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.

On Rehearing.

[5] Our attention is now called to the testimony of Clay Albright, where he says: "Earnest Crawford and myself had not been closer than a hundred yards of the still the officers tore up." In some way this evidence was overlooked in considering the appeal in

the first instance. When this evidence is considered in conjunction with the excerpt from the court's oral charge:

"There are some circumstances in this case which are not denied and no conflict in the evidence, and you are to consider them in the light and along with all the other testimony in the case, for instance, it is not denied that the defendant was present at this still,"

—the charge is error to a reversal. The error is so apparent as not to need citation of authority.

The original opinion is extended, the judgment of affirmance is set aside. The judgment is reversed, and the cause is remanded.

Reversed and remanded.